Jimmie W. Pursell, Jr. - 19957
jpursell@jsslaw.com
Kerry A. Hodges – 25547
khodges@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| American Traffic Solutions, Inc., a Kansas corporation, | No. CV2011-00985-SRB |
| Plaintiff, | **ANSWER AND COUNTERCLAIM** |
| vs. | **(Jury Trial Demanded)** |
| Michael J. Lenza, an individual; Public Finance Strategies, LLC, a Delaware Limited Liability Company; and Photo Enforcement Consultants, LLC, a Delaware Limited Liability Company, | |
| Defendants. | |

Defendants, for their Answer to the Verified Complaint filed by Plaintiff American Traffic Solutions, Inc. ("ATS"), admit, deny, and allege as follows:

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2. In Response to Paragraph 2 of the Complaint, Defendants admit that Defendant Lenza executed an Executive Employment Agreement and a Proprietary Rights Agreement with ATS. Defendants further admit that Defendant Public Finance Strategies, LLC ("PFS") entered into a separate Business Representation Agreement with ATS. Defendants further admit that copies of said documents are attached to the Verified Complaint. To the extent that Paragraph 2 purports to characterize or state

3848161v1(62375.1)

the contents of said documents, Defendants assert that said documents speak for themselves. To the extent that Paragraph 2 contains additional factual allegations, same are denied.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. In Response to Paragraph 6 of the Complaint, Defendants admit that Arizona law governs the Agreements. To the extent that Paragraph 6 contains additional factual allegations, same are denied.

7. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8. Upon information and belief, Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. In Response to Paragraph 10 of the Complaint, Defendants admit that PFS is a Delaware limited liability company that is managed by Michael Lenza. Defendants admit that PFS has more than one member, some of which are residents of Arizona. Defendants further admit that the jury selection clause in the Business Representation Agreement designates Arizona as the appropriate form and PFS does

not contest jurisdiction of the Court. To the extent that Paragraph 10 contains additional factual allegations, same are denied.

11. In Response to Paragraph 11 of the Complaint, Defendants admit that Photo Enforcement Consultants, LLC ("PEC") is a Delaware limited liability company that is managed by Michael Lenza. Defendants admit that PEC has more than one member, some of which are residents of Arizona. Defendants further admit that the form selection clause in the Business Representation Agreement designates Arizona as the appropriate form and PEC does not contest jurisdiction of the Court. To the extent that Paragraph 11 contains additional factual allegations, same are denied.

12. In Response to Paragraph 12 of the Complaint, Defendants admit that ATS has claimed damages in excess of $75,000.00, but specifically deny that Defendants have incurred any damages whatsoever and further deny that Defendants have committed any acts giving rise to liability to ATS. To the extent that Paragraph 12 can be construed as containing additional factual allegations, same are denied.

13. In Response to Paragraph 13 of the Complaint, Defendants do not dispute that jurisdiction and venue are proper in this Court. To the extent that Paragraph 13 contains additional factual allegations, same are denied.

14. In Response to Paragraph 14 of the Complaint, Defendants admit that Defendant Lenza was employed with ATS as Senior Vice President for Financial Services from September 30, 2006 to May 13, 2011. Defendants further admit that Defendant Lenza, on behalf of ATS, consulted with municipalities on various issues, but specifically deny that such consultation was a for-profit service offered by ATS. Defendant Lenza further admits that he executed the Employment Agreement and Proprietary Rights Agreement. To the extent that Paragraph 14 contains additional

3

3848161v1(62375.1)

factual allegations, same are denied.

15. To the extent that Paragraph 15 purports to recite the contents of court documents, Defendants assert that said documents speak for themselves. To the extent that Paragraph 15 of the Complaint contains additional factual allegations, same are denied.

16. In Response to Paragraph 16 of the Complaint, Defendants specifically deny that Defendant Lenza was a party to the Business Representation Agreement. Defendants admit that ATS and PFS entered into a Business Representation Agreement. To the extent that Paragraph 16 purports to recite the contents of documents, Defendants assert that said documents speak for themselves. To the extent that Paragraph 16 contains additional factual allegations, same are denied.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

4

3848161v1(62375.1)

23. Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1 through 22 above.

24. To the extent that Paragraph 24 purports to recite the contents of court documents, Defendants assert that said documents speak for themselves. To the extent that Paragraph 24 of the Complaint contains additional factual allegations, same are denied.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. To the extent that Paragraph 26 purports to recite the contents of court documents, Defendants assert that said documents speak for themselves. To the extent that Paragraph 26 of the Complaint contains additional factual allegations, same are denied.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. In Response to Paragraph 28 of the Complaint, Defendants admit that ATS has made various wrongful demands upon Defendants and false allegations against Defendants. To the extent that Paragraph 28 can be construed as containing additional factual allegations, same are denied.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

3848161v1(62375.1)

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint is a request for relief and contains no factual allegations that can be admitted or denied. To the extent that Paragraph 40 can be construed as containing such allegations, same are denied.

3848161v1(62375.1)

41. Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1 through 40 above.

42. To the extent that Paragraph 42 purports to characterize or state the contents of said documents, Defendants assert that said documents speak for themselves. To the extent that Paragraph 42 contains additional factual allegations, same are denied.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. In Response to Paragraph 44 of the Complaint, Defendants admit that ATS has made various wrongful demands upon Defendants and false allegations against Defendants. To the extent that Paragraph 44 can be construed as containing additional factual allegations, same are denied

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. To the extent that Paragraph 46 purports to characterize or state the contents of said documents, Defendants assert that said documents speak for themselves. To the extent that Paragraph 46 contains additional factual allegations, same are denied.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

3848161v1(62375.1)

49. Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1 through 49 above.

50. In Response to Paragraph 50 of the Complaint Defendants admit that Defendant Lenza was Senior Vice President of ATS during the term of his employment. To the extent that Paragraph 50 continues statements of legal principles, said legal principles are not factual allegations that Defendants can either admit or deny. To the extent that Paragraph 50 can be construed as containing additional factual allegations, same are denied.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1 through 54 above.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

3848161v1(62375.1)

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants reallege and incorporate by reference the allegations contained in Paragraphs 1 through 59 above.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants reallege and incorporate by reference the allegations contained in Paragraph 1 through 63 above.

65. In Response to Paragraph 65 of the Complaint, Defendants admit that PEC is and was aware of the Employment Agreement and Proprietary Rights Agreement. To the extent that Paragraph 65 contains additional factual allegations, same are denied.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants deny the allegations contained in Paragraph 67 of the Complaint.

9

3848161v1(62375.1)

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants reallege and incorporate by reference the allegations contained n Paragraph 1 through 72 above.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. In Response the unnumbered Paragraph beginning "WHEREFORE,

10

3848161v1(62375.1)

PLAINTIFF ATS REQUESTS," and all subparagraphs thereto, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

79. To the extent that the Complaint contains additional factual allegations not expressly admitted herein, same are denied.

## AFFIRMATIVE DEFENSES

80. Plaintiff fails to state a claim for which relief can be granted.

81. To the extent that the Complaint alleges breaches of contract by Defendants, any alleged breaches are justified and/or excused by ATS's prior breaches of same.

82. The Complaint is barred by the doctrines of estoppels and waiver.

83. Defendants reserve the right to assert such other defenses that seems just and appropriate.

WHEREFORE, premises considered, Defendants request that:

A. The Complaint be dismissed and Plaintiff take nothing thereby;

B. Defendants be awarded their reasonable costs and attorneys' fees pursuant to A.R.S. § 12-341.01;

C. The Court awards such other and further relief as it deems just and appropriate.

## COUNTERCLAIM

For its counterclaim against Plaintiff American Traffic Solutions, Inc. ("ATS"), Counterclaimants Michael J. Lenza ("Lenza") and Public Finance Strategies, L.L.C. ("PFS"), allege as follows:

11

3848161v1(62375.1)

## THE PARTIES' JURISDICTION AND VENUE

1. Lenza is an individual resident citizen of the State of Massachusetts.

2. PFS is a Delaware limited liability company having its principal place of business in the State of Massachusetts. All members of PFS reside in the State of Massachusetts.

3. Upon information and belief, ATS is incorporated, under the laws of the State of Kansas, and has it principal place of business in the State of Arizona.

4. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. This Court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332. Jurisdiction and venue are proper in this Court. Further, jurisdiction and venue are appropriate in this Court based upon the exclusive forum selection clause contained in the Business Representation Agreement described below.

## FACTUAL BACKGROUND

6. On or about September 30, 2006, Lenza accepted employment with ATS as Senior Vice President for Financial Services.

7. Prior to joining ATS, Lenza had 27 years of government experience in information technology and government finance. In addition, he had 8 years of experience with private sector outsourcing of complex services, including photo enforcement services.

8. Lenza's duties for ATS included marketing photo enforcement services to various municipalities and political subdivisions. In jurisdictions where photo enforcement was not legal, Lenza would advise municipalities and other political subdivisions regarding legalizing said services. For example, in the State of Massachusetts, municipalities are attempting to legalize photo enforcement through Home Rule Petitions. Advising municipalities and political subdivisions in this matter was not a service for which ATS charged those potential customers. Indeed,

12

3848161v1(62375.1)

if ATS became a paid consultant for a municipality or political subdivision, ATS could not then provide photo enforcement services should that municipality or political subdivision chose to acquire them.

9. On or about the same date that Lenza joined ATS, PFS and ATS entered into a Business Representation Agreement. PFS, a limited liability company formed prior to September 30, 2006 by Mr. Lenza, provided revenue related services to municipalities and political subdivisions, including collections of fines and penalties and, in theory, revenue advancement.

10. Pursuant to the Business Representation Agreement, ATS was to serve as PFS's exclusive representative in marketing revenue advancing services to ATS customers in the photo enforcement industry.  Further, ATS was not to provide revenue advancing services to its customers except through the Business Representation Agreement.

11. Subsequent to executing the Business Representation Agreement, ATS used the revenue advancing services available through PFS as a marketing tool in soliciting customers (specifically, in placing bids for public work).

12. Despite being contractually obligated to serve as PFS's representative, ATS never provided any revenue advancing clients to PFS.  ATS did, however, perform collection services for municipalities without consulting with, obtaining permission from, or sharing revenues with PFS.

13. In February, 2011, Lenza advised ATS's president and vice president of marketing that he would be transitioning out of his employment.  He specifically informed these ATS officers that he would be providing government consulting services regarding photo enforcement.  Lenza made clear to ATS management that he intended to offer the type of consulting services that were outside the scope of the services that ATS provided on a contract basis with its customers.  In other words, whereas ATS provides actual photo enforcement services for municipalities, Lenza

13

3848161v1(62375.1)

intended only to provide consulting services to municipalities regarding how to procure those services and assess the benefits and risks of the programs before entering into contracts, and to provide an independent assessment for the government..  Indeed, the types of services that Lenza intended to provide could not be provided by ATS on a for-profit basis without ATS being conflicted out of providing the actual photo enforcement services themselves.

14. Lenza further informed ATS that he would continue to work with ATS's lobbyist in a continuing effort to legalize ATS's products and services and assist with the movement to generate Home Rule Petitions at the local level.

15. In an effort to minimize the impact his departure would have on ATS, Lenza agreed to a transition period during which time he would introduce the ATS sales person assigned to do marketing and sales in Massachusetts to Lenza's contacts with municipalities in Massachusetts.

16. During meetings with these contacts, almost all of which had ATS representatives present, Lenza advised the contacts that he would be leaving ATS and begin doing private consulting work for municipalities and other governmental entities. Lenza made clear to those contacts that he would not be providing photo enforcement services, only procurement and "Home Rule Petition" consulting services, and that ATS would be the company bidding to provide photo enforcement consulting services should the municipality succeed in passing a Home Rule Petition.

17. Lenza's employment terminated May 13, 2011.  Within days of the termination of Lenza's employment, ATS filed the instant action, despite having had full knowledge of and tacitly consenting to Lenza's post-employment plans since at least February, 2011.

18. In the wake of the termination of Lenza's employment, representatives of ATS, including Greg Parks ("Parks"), met with various public officials and

3848161v1(62375.1)

consultants in Massachusetts and made false and defamatory statements to those public officials and consultants regarding Lenza.

19. Specifically, Parks falsely told these officials and consultants that ATS had obtained a "cease and desist order" against Lenza.

20. Parks further falsely stated to these public officials and consultants that Lenza was "a fraud."

21. Parks further stated, despite Lenza's extensive experience, that ATS had taught Lenza "everything he knows."

22. Upon information and belief, these false and defamatory statements were made on behalf of ATS and within the course and scope of Park's employment.

## COUNT ONE

### (Breach of Contract)

23. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 22 above as if fully restated herein.

24. The Business Representation Agreement is a valid and enforceable contract between PFS and ATS.

25. Pursuant to the Business Representation Agreement, ATS was to "devote time, effort, resources, ability, skill and attention as may be necessary . . . to perform the services required to be provided to [PFS] under this Agreement." The services to be provided by ATS were "to promote and secure contracts for [PFS] products and services related" to the revenue advancing services discussed above.

26. From September 2006, the inception of the Business Representation Agreement to the present, ATS has failed to secure any contracts whatsoever for revenue advancing.

15

3848161v1(62375.1)

27. ATS has breached the Business Representation Agreement by failing to devote reasonable time, effort, resources, ability, skill and attention to promoting and securing contracts for PFS revenue advancing services, despite using the availability of PFS's services as a marketing tool for its own photo enforcement product and services.

28. PFS has been damaged by ATS's breach in an amount to prove at trial.

29. PFS is entitled to its reasonable attorneys' fees incurred in bringing this action pursuant to A.R.S. § 12-341.01.

## COUNT II

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

30. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 29 above as if fully restated herein.

31. The Business Representation Agreement is a valid and enforceable contract between PFS and ATS.

32. There is implied in every contract a covenant of good faith and fair dealing which prevents one party from taking action to deprive the other party of the benefit of its bargain.

33. ATS has wholly failed and abandoned its duties under the Business Representation Agreement by failing to devote reasonable time, effort, resources, ability, skill and attention to promoting and securing contracts for PFS revenue advancing services, despite using the availability of PFS's services as a marketing tool for its own photo enforcement product and services.

34. PFS has been damaged by ATS's breach of implied covenant of good faith and fair dealing in an amount to be proven at trial.

35. PFS is entitled to its reasonable attorneys' fees incurred in bringing this action pursuant to A.R.S. § 12-341.01.

16

**DEFAMATION**

36. Defendants reallege and incorporate by reference their responses to Paragraphs 1 through 35 above as if fully restated herein

37. In the course and scope of his employment with ATS, and on behalf of ATS, Parks made false and defamatory statements to public officials and consultants that tend to harm Lenza's reputation and lower him in the estimation of the community.

38. Parks falsely stated that Lenza was a fraud.

39. Parks falsely stated that ATS had obtained a cease and desist order against Lenza.

40. Parks falsely stated that ATS had taught Lenza everything that he knew.

41. These statements were false.

42. These statements were communicated to someone other than Lenza.

43. These statements have caused harm to Lenza's reputation and lowered his estimation in the community.

44. Lenza has been damaged by these statements in an amount to be proven at trial.

WHEREFORE, premises considered, Defendants request judgment as follows;

A. For damages to PFS in an amount to be proven at trial;

B. For damages to Lenza in an amount to be proven at trial;

C. For an award of PFS's attorneys' fees and costs incurred in bringing this action;

D. Such other and further relief as the Court deems just and appropriate.

17

3848161v1(62375.1)

DATED July 15, 2011.

                JENNINGS, STROUSS & SALMON, P.L.C.

By: *s/Jimmie W. Pursell, Jr.*
     Jimmie W. Pursell, Jr.
     One East Washington Street
     Suite 1900
     Phoenix, Arizona   85004-2554
     *Attorneys for Defendants*

3848161v1(62375.1)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic filing to the following CM/ECF Registrants.

Scott W. Rodgers, Esq.
srodgers@omlaw.com

John L. Blanchard, Esq.
jblanchard@omlaw.com

Kristin L. Windtberg, Esq.
kwindtberg@omlaw.com
*Attorneys for Plaintiff*

                                                        *s/S. Bermingham*

3848161v1(62375.1)